[No. B163168. Second Dist., Div. Seven. Apr. 21, 2004.]

THE GARMENT WORKERS CENTER et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
FASHION 21, INC., et al., Real Parties in Interest.

**COUNSEL**

ACLU Foundation of Southern California, Daniel P. Tokaji, Mark D. Rosenbaum, Peter Eliasberg; Loeb & Loeb, Douglas E. Mirell and Orit H. Michiel for Petitioners.

No appearance for Respondent.

Latham & Watkins, Wayne S. Flick, Robin D. Dal Soglio, Anthony N. Luti, Brian T. Glennon and Yury Kapgan for Real Parties in Interest.

Bill Lockyer, Attorney General, Andrea Lynn Hoch, Chief Assistant Attorney General, and Ralph Lightstone, Deputy Attorney General, as Amici Curiae.

## OPINION

**JOHNSON, J.**—As a general rule, once a SLAPP motion is filed all discovery proceedings in the action are stayed until the trial court rules on the motion. The trial court, however, may lift the discovery stay "for good cause shown."[1]

In this petition for a writ of mandate defendants in an action for libel contend the trial court abused its discretion in permitting plaintiffs to conduct discovery on the issue of actual malice prior to the hearing on defendants' motion to strike plaintiffs' libel claim as a SLAPP.[2] Defendants contend they should not have been required to shoulder the expensive and time-consuming burden of complying with plaintiffs' discovery demands until the trial court first determined whether plaintiffs had a reasonable probability of establishing the other elements of a libel action, particularly the making and publishing of a defamatory statement. Plaintiffs contend limited discovery on the issue of actual malice is necessary in order for them to establish a reasonable likelihood of success on their libel cause of action.

We conclude under the facts of this case the trial court abused its discretion in permitting discovery on the issue of actual malice before first determining, after briefing and argument, whether the plaintiffs had a reasonable probability of establishing the other elements of their libel cause of action. For this reason, we will issue a writ of mandate directing the trial court to vacate its discovery order and proceed to hear defendants' SLAPP motion on the merits.

### FACTS AND PROCEEDINGS BELOW

Fashion 21, a retailer of women's apparel, and one of its owners, Do Won Chang, brought an action for libel and other torts against two nonprofit organizations, The Garment Workers Center (GWC) and Sweatshop Watch, and two GWC employees, Joann Lo and Kimi Lee.[3] Defendants advocate on behalf of low-income immigrant workers, including garment workers employed in "sweatshops" in downtown Los Angeles.

---

[1] Code of Civil Procedure section 425.16, subdivision (g) states: "All discovery proceedings in the action shall be stayed upon the filing of a notice of motion made pursuant to this section. The stay of discovery shall remain in effect until notice of entry of the order ruling on the motion. The court, on noticed motion and for good cause shown, may order that specified discovery be conducted notwithstanding this subdivision."

[2] Code of Civil Procedure section 425.16, subdivision (b)(1) states: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."

[3] Unless otherwise noted, GWC will refer to all four defendants.

In 2001, GWC and another nonprofit organization, the Coalition for Humane Immigrant Rights of Los Angeles (CHIRLA) took up the cause of 19 garment workers who claimed they were being exploited by their employers who failed and refused to pay them minimum wage and overtime, denied them meal and rest breaks and required them to work in facilities which were poorly lit and ventilated, filled with fabric dust, infested with rats and vermin and lacked accessible fire exits. The manufacturers who employed these workers were all located in Los Angeles and produced garments sold by Fashion 21. After unsuccessfully attempting to negotiate an agreement with Fashion 21 to accept responsibility for, and pay its proportionate share of, the wages allegedly due these workers GWC and CHIRLA went public with their concerns over the workers' treatment. This included staging demonstrations in front of Fashion 21's stores, issuing press releases and posting Web site articles describing the workers' plight and calling on Fashion 21 to pay these workers.

Fashion 21 brought an action against GWC and CHIRLA claiming, among other things, the defendants defamed it by proclaiming in their demonstrations, leafleting, press releases and web site postings Fashion 21 owed these workers substantial amounts of unpaid wages and other employment benefits for sewing clothes bearing its Forever 21 clothing label. These statements were false and made with malice, Fashion 21 contended, because defendants were well aware none of the complaining garment workers were ever employed by Fashion 21. GWC and CHIRLA maintain their statements regarding Fashion 21's liability for the workers' wages are true based on the California Labor Commissioner's interpretation of sections 2671 and 2673.1 of the Labor Code, which make persons engaged in "garment manufacturing" liable for payment of wages to employees of the companies with whom they contract to have garment operations performed.[4]

GWC and CHIRLA filed separate motions to strike Fashion 21's complaint as a SLAPP suit on the grounds the complaint arose from their exercise of their First Amendment right of free speech in connection with a public issue and Fashion 21 could not establish a reasonable probability of prevailing on the merits.

Although both SLAPP motions essentially raised the same issues they took divergent paths. CHIRLA's motion proceeded directly to a hearing on the merits and was denied.[5] GWC's motion, however, was continued to permit

---

[4] We discuss Fashion 21's liability under these statutes in our companion decision, *Fashion 21 v. Coalition for Humane Immigrant Rights of Los Angeles,* 117 Cal.App.4th 1138.

[5] We reversed the order denying CHIRLA's motion in *Fashion 21 v. Coalition for Humane Immigrant Rights of Los Angeles, supra,* 117 Cal.App.4th 1138.

Fashion 21 to conduct limited discovery on the issue of whether GWC made the allegedly defamatory statements with actual malice. The trial court's order allows Fashion 21 to depose GWC employees Lo and Lee for up to three hours each.

GWC seeks a writ of mandate directing the trial court to vacate its discovery order. We issued an order to show cause and stayed further proceedings in the trial court. We now grant the petition for the reasons explained below.

## DISCUSSION

"[T]he common features of SLAPP suits are their lack of merit and chilling of defendants' valid exercise of free speech and the right to petition the government for a redress of grievances. . . . Section 425.16 was intended to address those features by providing a fast and inexpensive unmasking and dismissal of SLAPP's."[6] At the same time, the anti-SLAPP procedures were designed so that legitimate claims were not dismissed merely because they were tested at an early stage in the proceedings when the plaintiff had only a limited opportunity to conduct discovery.[7]

 Recognizing discovery is usually the most time-consuming and expensive aspect of pretrial litigation, the Legislature sought to balance the need to protect defendants exercising their freedom of speech from having their personal and financial resources exhausted by SLAPP-ers' discovery demands with the need to permit legitimate plaintiffs to conduct necessary discovery before their suits were subjected to dismissal for failure to establish a prima facie case.[8] To these ends section 425.16, subdivision (g) automatically stays all discovery in the action as soon as a SLAPP motion is filed but permits the trial court to lift this ban upon a showing of good cause.

In *Lafayette Morehouse, Inc. v. Chronicle Publishing Co.*, a libel action, the court concluded good cause to lift the SLAPP statute's discovery ban exists "[i]f the plaintiff makes a timely and proper showing in response to the motion to strike, that a defendant or witness possesses evidence needed by plaintiff to establish a prima facie case[.]"[9] The court noted plaintiff's discovery in a libel suit "is of prime import" because the defendant "will generally be the principal, if not the only, source of evidence concerning such matters as whether the defendant knew the statement published was false, or

---

[6] *Wilcox v. Superior Court* (1994) 27 Cal.App.4th 809, 823 [33 Cal.Rptr.2d 446].

[7] *Wilcox v. Superior Court, supra*, 27 Cal.App.4th at page 823.

[8] *Slauson Partnership v. Ochoa* (2003) 112 Cal.App.4th 1005, 1021 [5 Cal.Rptr.3d 668].

[9] *Lafayette Morehouse, Inc. v Chronicle Publishing Co.* (1995) 37 Cal.App.4th 855, 868 [44 Cal.Rptr.2d 46].

published the statement in reckless disregard of whether the matter was false and defamatory, or acted negligently in failing to learn whether the matter published was false and defamatory."[10] The court's opinion suggests it would have found good cause to permit the plaintiff to engage in discovery on the issue of malice prior to the hearing on defendant's SLAPP motion had the plaintiff sought such permission. The plaintiff, however, did not seek to have the discovery ban lifted so *Lafayette's* discussion of good cause for discovery in libel actions is dictum.

■ We are in general agreement, however, with the *Lafayette* court's analysis of good cause for lifting the ban on discovery while a SLAPP motion is pending. Surely the fact evidence necessary to establish the plaintiff's prima facie case is in the hands of the defendant or a third party goes a long way toward showing good cause for discovery. But it is not the only factor. The trial court should consider whether the information the plaintiff seeks to obtain through formal discovery proceedings is readily available from other sources or can be obtained through informal discovery.[11] The court should also consider the plaintiff's need for discovery in the context of the issues raised in the SLAPP motion. If, for example, the defendant contends the plaintiff cannot establish a probability of success on the merits because its complaint is legally deficient,[12] no amount of discovery will cure that defect.
■ In a libel case, unless it appears on the face of the complaint the plaintiff will be required to establish actual malice, or the defendant makes such a contention in its SLAPP motion, there is no need for the plaintiff to engage in discovery on that issue in order to show a reasonable probability of success on the merits. Even if it looks as if the defendant's actual malice may be an issue in the case, if it appears from the SLAPP motion there are significant issues as to falsity or publication—issues which the plaintiff should be able to establish without discovery—the court should consider resolving those issues before permitting what may otherwise turn out to be unnecessary, expensive and burdensome discovery proceedings.

■ Turning to the cause before us, we conclude the trial court abused its discretion in permitting Fashion 21 to depose GWC's employees Lo and Lee for six hours on the issue of malice before determining whether there was a reasonable probability the court would ever reach that issue. Our conclusion is based on the following considerations. GWC raised a meritorious challenge to the pleadings, contending the complaint failed to state a cause of action for

---

[10] *Lafayette Morehouse, Inc. v. Chronicle Publishing Co., supra,* 37 Cal.App.4th at page 868.

[11] *Schroeder v. Irvine City Council* (2002) 97 Cal.App.4th 174, 191–192 [118 Cal.Rptr.2d 330].

[12] See *Wilcox v. Superior Court, supra,* 27 Cal.App.4th at page 823.

libel. In addition, there are serious questions about the falsity of the statements GWC is alleged to have made with respect to Fashion 21. These questions may be resolvable as a matter of law as they were in the companion case of *Fashion 21 v. Coalition for Humane Immigrant Rights of Los Angeles*.[13]

The only basis for requiring proof of actual malice in this case is GWC's characterization of the disagreement between it and Fashion 21 as a "labor dispute." Fashion 21 disputes this characterization. Again, this issue may be decided as a matter of law based on the evidence already in the record. If the trial court determines Fashion 21 and GWC are not engaged in a labor dispute then there would be no need for discovery on the issue of actual malice.

Finally, we are mindful this case is the very kind of case the anti-SLAPP statute was designed to address: an action for defamation by a large, well-financed corporation acting in its corporate interest against a small, nonprofit organization advocating for social justice on behalf of a disadvantaged class.[14] This does not necessarily mean Fashion 21's suit is a SLAPP. It does mean, however, the protection afforded the defendant by a freeze on discovery while a SLAPP motion is pending is particularly compelling in balancing the interests of the parties in this action.[15]

## DISPOSITION

Let a peremptory writ of mandate issue directing the trial court to vacate its order granting plaintiff Fashion 21's motion to conduct limited discovery as to defendants Garment Workers Center, Sweatshop Watch, JoAnn Lo and Kimi Lee and to issue a new and different order denying the motion. If, after briefing and argument on the SLAPP motion, the trial court determines Fashion 21 otherwise has a reasonable probability of success on the merits of its libel cause of action and actual malice is an issue in that cause of action, the court may consider issuing a discovery order limited to that issue.

Petitioners are awarded their costs.

Perluss, P. J., and Woods, J., concurred.

---

[13] See footnote 4, *ante.*

[14] See *Wilcox v. Superior Court, supra,* 27 Cal.App.4th at pages 815–816.

[15] See *Slauson Partnership v. Ochoa, supra,* 112 Cal.App.4th at page 1021.